UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:17-CR-00060-MCE |
| Plaintiff, | |
| v. | **ORDER** |
| GREGORY WAYNE LEE, | |
| Defendant. | |

Defendant Gregory Wayne Lee ("Defendant") pled guilty to Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. § 1349 and Aggravated Identity Theft in violation of 18 U.S.C. § 1028A.  He was sentenced on February 21, 2019, to one hundred and eight (108) months of imprisonment and was ordered to pay $353,458 in restitution.  Presently before the Court is Defendant's Motion to Reduce Sentence.  ECF Nos. 251, 281-1.  The Government opposes Defendant's request.  ECF No. 287.  For the reasons that follow, his Motion is DENIED.

Defendant, who has already contracted coronavirus while incarcerated at Federal Correctional Facility Complex ("FCC") Lompoc, contends that "extraordinary and compelling circumstances" exist such that his sentence should be reduced immediately to time served.  More specifically, according to Defendant, "[b]ased on his current health, [Defendant] is among those most at risk of serious illness or death if he is again exposed

1

to coronavirus while in custody." ECF No. 281-1 at 6.  Defendant suffers from hypertension, which is "likely the reason he became one of the unfortunate few whose COVID-19 infection came with serious lingering side effects." Id. at 9-10.  Indeed, he contends that "[he] now has a heart that does not keep proper time and lungs that cannot get him all the air he needs." Id. at 10.  "Moreover, [Defendant] has left ventricular hypertrophy, a cardio-myopathy, which if he had it before he got COVID-19, was causing him no distress." Id.  While the risk of reinfection is unknown, Defendant argues it is quite possible he could contract COVID-19 again, and "COVID-19 is known to prey upon those, like [Defendant] with compromised hearts and lungs." Id.  Even having considered Defendant's medical issues, however, the Court concludes that Defendant's release would be inappropriate.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (alterations in original; quoting 18 U.S.C. § 3582(b)).  Those circumstances are delineated in 18 U.S.C. § 3582(c).  "Effective December 21, 2018, the First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to permit an inmate, who satisfies certain statutorily mandated administrative procedures, to file a motion with the district court for compassionate release." Riley v. United States, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).  That statute now provides:

> **(c) Modification of an imposed term of imprisonment**.—
> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved

> portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

"Thus, the First Step Act amended § 3852(c)(1)(A) to allow prisoners to directly petition a district court for compassionate release, removing the BOP's prior exclusive gatekeeper role for such motions." Riley, 2020 WL 1819838, at *5. "The statute now provides the court with authority to reduce a sentence upon the motion of a defendant if three conditions are met: (1) the inmate has either exhausted his or her administrative appeal rights of BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established 'extraordinary and compelling reasons' for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement." Id. (footnote omitted).

The starting point for the policy statement referenced in the third prong is United States Sentencing Guidelines ("USSG") § 1B1.13, which provides:

> [T]the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; or
>
> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

///

3

>   (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>   (3) The reduction is consistent with this policy statement.

Since Defendant is less than 70 years old and was not sentenced pursuant to 18 U.S.C. § 3559(c), he is only "entitled to relief if he demonstrates that (1) extraordinary and compelling reasons warrant a sentence reduction, (2) he is not a danger to the safety of others or the community, and (3) any requested reduction is consistent with the policy statement." Riley, 2020 WL 1819838, at *6.

"The Sentencing Commission's application notes to this policy statement provide further guidance." Id. Indeed, the notes explain that "extraordinary and compelling reasons" exist when:

>   (A) Medical Condition of the Defendant.
>
>   . . . .
>
>   (ii) The defendant is—
>
>   >   (I) suffering from a serious physical or medical condition,
>   >
>   >   (II) suffering from a serious functional or cognitive impairment, or
>   >
>   >   (III) experiencing deteriorating physical or mental health because of the aging process,
>   >
>   >   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1 (emphasis added).

Here, Defendant contends he suffers from serious physical or medical conditions that make him particularly vulnerable to COVID-19 such that he qualifies for release. The burden is on Defendant. United States v. Holden, 2020 WL 1673440, at *3 (D. Or. Apr. 6, 2020). He has not met that burden here.

After considering all of the circumstances of this case, including the factors under 18 U.S.C. § 3553(a), the Court absolutely agrees with the Government that, even

assuming Defendant's medical conditions were sufficient to qualify him for consideration for release, which the Court does not address, such release would be inappropriate both under § 3553(a) and because Defendant is a danger to the community.

This Defendant "was a leader in a large-scale conspiracy to defraud the State of California." ECF No. 287 at 14-15. "[He] and his co-conspirators stole [nearly] $900,000 in benefits intended for California workers, using the stolen identifying information of at least 115 real people." Id. at 15. "[Defendant] was not deterred by incarceration; he was in California state custody for other crimes during a portion of the pendency of the scheme, and during that time, he directed an associate to withdraw fraudulently obtained benefits using the EDD debit cards, and to complete an EDD form necessary to continue benefits." Id. Indeed, "[Defendant] has an extensive, consistent, and diverse criminal past." Id. "Neither the fraction of his sentence he has served to date, nor the existence of the coronavirus, begin to answer this history and sufficiently show that he no longer presents a danger to the community." Id. at 15-16.

Finally, Defendant's low-end sentence was sufficient but not greater than necessary to meet the purposes of 18 U.S.C. § 3553(a). He has served relatively little time considering the extent of this crime, and he still owes an extraordinary amount of restitution. "[Defendant's] Motion has presented no reason sufficiently extraordinary and compelling to disturb this carefully considered decision." Id. at 16. Having found that Defendant is a danger to the community and having considered all of the factors set forth in 18 U.S.C. § 3553(a), the Court thus concludes that release would be inappropriate. Defendant's Motion for Compassionate Release (ECF Nos. 251, 281-1) is DENIED.

IT IS SO ORDERED.

Dated:  December 30, 2020

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

5