UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:17-cr-0060 JAM DB |
| Respondent, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| GREGORY WAYNE LEE, | |
| Movant. | |

Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Movant claims he received ineffective assistance of counsel and his sentence was improperly calculated.  Presently before the court is movant's § 2255 motion (ECF No. 219), the government's opposition (ECF No. 249), and movant's response (ECF No. 260).  For the reasons set forth below the undersigned will recommend that movant's motion be denied.

## FACTS AND PROCEDURAL BACKGROUND

**I.    Prior Proceedings**

This action was initiated on April 27, 2017 when a grand jury returned an indictment charging movant with conspiracy to commit mail fraud, mail fraud, and aggravated identity theft, in violation of 18 U.S.C. § 1028A.  (ECF No. 1.)

////

On September 6, 2018, movant pled guilty to counts one (conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349) and eighteen (aggravated identity theft in violation of 18 U.S.C. § 1028A) of the indictment pursuant to a plea agreement.  (ECF Nos. 124, 127.)  Following movant's guilty plea, the Probation Office prepared a draft presentence report (PSR).  (ECF No. 133.)  Movant's counsel, Ms. Linda Fullerton, submitted objections, including several related to movant's criminal history category.  (ECF No. 143-2.)

The Probation Office submitted its final PSR on December 17, 2018.  (ECF No. 143.) The PSR contained a fifteen-page summary of movant's criminal history, calculated his criminal history score as 21, and established a criminal history category of VI.  (ECF No. 143 at 9-20.)

The sentencing hearing was held on February 21, 2019.  (ECF No. 172.)  Movant was sentenced to 84 months as to count one (conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349) and the mandatory consecutive 24-month prison term as to count eighteen (aggravated identity theft in violation of 18 U.S.C. § 1341) for a total of 108 months imprisonment, the low-end of the applicable guidelines.  (ECF Nos. 172, 173.)

**II.       Petition**

In the petition, movant argues that the district court erred in calculating his criminal history category and his attorney rendered ineffective assistance of counsel in relation to the alleged miscalculation of his criminal history category.  (ECF No. 219 at 4-5, 15-18.)

**III.       The Government's Opposition**

The government argues that movant waived his claims regarding sentencing in the plea agreement (ECF No. 249 at 14-15), he failed to raise his claim on direct appeal (Id. at 15-16), his claim regarding the sentencing guideline calculations is not cognizable under § 2255 (Id. at 16-17), his criminal history was correctly calculated (Id. at 17-18), Ms. Fullerton was not ineffective (Id. at 19-21).

////

////

////

////

2

1    **IV.    Movant's Reply**

2         In his reply, movant challenges the points awarded for several entries in the PSR[1]. (ECF

3    No. 143).  Specifically, movant claims points were improperly awarded for paragraphs 44, 48, 53,

4    54, and 55.  (ECF No. 260 at 4-7.)  He argues points were improperly awarded for several reasons

5    including points given for convictions that had been deferred and/or dismissed, as well as

6    convictions that ran concurrently.  (Id.)

7                        **LEGAL STANDARDS FOR § 2255 MOTIONS**

8         A federal prisoner making a collateral attack against the validity of their conviction or

9    sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28

10   U.S.C. § 2255, filed in the court which imposed the sentence.  United States v. Monreal, 301 F.3d

11   1127, 1130 (9th Cir. 2002).  Under § 2255, the sentencing court may grant relief if it concludes

12   that a prisoner in custody was sentenced in violation of the Constitution or laws of the United

13   States.  Davis v. United States, 417 U.S. 333, 344-45 (1974); United States v. Barron, 172 F.3d

14   1153, 1157 (9th Cir. 1999).  To warrant relief, the prisoner must demonstrate the existence of an

15   error of constitutional magnitude which had a substantial and injurious effect or influence on the

16   guilty plea or the jury's verdict.  Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); see also

17   United States v. Montalvo, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that Brecht's

18   harmless error standard applies to habeas cases under section 2255, just as it does to those under

19   section 2254.").  Relief is warranted only where a petitioner has shown "a fundamental defect

20   which inherently results in a complete miscarriage of justice."  Davis, 417 U.S. at 346; see also

21   United States v. Gianelli, 543 F.3d 1178, 1184 (9th Cir. 2008).  Mere conclusory assertions in a §

22   2255 motion are insufficient, without more, to require the court to hold a hearing.  United States

23   v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980).

24   ////

25   ////

26   ////

27   ───────────────────

28   [1] The paragraphs in the PSR are numbered.  Movant's prior convictions are set out in paragraphs 36 through 62.

**DISCUSSION**

**I.      Waiver of Right to Appeal or Collaterally Attack Conviction**

The government argues that movant waived his right to appeal based on the terms of the plea agreement.  (ECF No. 249 at 14.)  In the reply movant agrees that he waived his right to appeal but argues his § 2255 motion has merit.  (ECF No. 260 at 3.)

**A.  Legal Standards**

"A defendant's waiver of his rights to appeal and to bring a collateral attack is generally enforced if '(1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made.'"  Davies v. Benov, 856 F.3d 1243, 1246 (9th Cir. 2017) (quoting United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2017)).  It is defendant's burden to show that the plea agreement was not knowing and voluntary.  United States v. Michlin, 34 F.3d 896, 900 (9th Cir. 1994).  The only claims that cannot be waived are claims that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary.  Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005), cert. denied, 54 U.S. 1074 (2006); see also United States v. Chan, 721 Fed. Appx. 728 (9th Cir. 2018) ("A waiver of a defendant's right to appeal or collaterally attack a conviction does not preclude a subsequent claim of ineffective assistance of counsel in which the defendant calls into question his entry into the agreement that contained the waiver." (citing Washington, 422 F.3d at 869-70)).

**B.  Analysis**

At the outset the court notes that movant has not argued that he entered the plea agreement involuntarily or that he received ineffective assistance of counsel during the plea negotiation process.  Rather, his claim in the instant § 2255 motion is that the district court erred during sentencing and his counsel was ineffective for failing to raise the issue during the sentencing phase.

In the plea agreement, movant gave up his right to "appeal the guilty plea, conviction, and the sentence imposed . . . as long as the sentence [did] not exceed the statutory maximums for the offenses to which he [pled] guilty."  (ECF No. 127 at 9.)  The agreement further states "regardless of any sentence" movant receives, he relinquishes "any right to bring a collateral attack, including

4

1    a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction,

2    or sentence, except for non-waivable claims."  (Id.)

3         The terms of the plea agreement expressly stated that movant waived the right to appeal or

4    collaterally attack his sentence so long as his sentence did not exceed the statutory maximum.

5    The statutory maximum for both counts movant plead guilty to was 134 months imprisonment.

6    (ECF No. 143 at 4.)  Movant was sentenced to 108 months in prison.  (ECF No. 172.)  Thus,

7    movant's sentence did not exceed the statutory maximum for the offenses to which he pled guilty.

8    Accordingly, he waived any right to challenge his sentence when he entered into the plea

9    agreement.  United States v. Nunez, 223 F.3d 956, 959 (9th Cir. 2000) (holding defendant who

10   waived the right to appeal a sentence also waives "the right to argue ineffective assistance of

11   counsel at sentencing"); United States v. Bolinger, 940 F.2d 478, 480 (9th Cir. 1991) (declining

12   to consider defendant's claim that the court misapplied the sentencing guidelines because he had

13   waived the right to appeal in the plea agreement and he was sentenced in accordance with the

14   terms of the agreement).

15   **II.      Procedural Default**

16        The government next argues that movant's allegation that he was improperly sentenced

17   was procedurally defaulted because it was not raised on appeal.  (ECF No. 249 at 15-16.)  Movant

18   claims that he did not raise his claim on direct appeal because his counsel failed to file an appeal.

19   (ECF No. 219 at 4-5, 9.)  However, he does not indicate that he requested that counsel file an

20   appeal in his § 2255 motion or in the reply.

21        **A.  Legal Standards**

22        Claims that could have been, but were not, raised by the movant on direct appeal are not

23   cognizable if presented in a § 2255 motion.  United States v. Frady, 456 U.S. 152, 168 (1982); see

24   also United States v. Durham, 767 F.2d 1395, 1397 (9th Cir. 1985) ("Section 2255 is not

25   designed to provide criminal defendants repeated opportunities to overturn their convictions on

26   grounds which could have been raised on direct appeal.").  This includes "computational errors in

27   a [defendant's] presentencing report" under the sentencing guidelines.  United States v.

28   McMullen, 98 F.3d 1155, 1157 (9th Cir. 1996).

5

1    "The procedural-default rule is not is neither statutory nor a constitutional requirement,

2    but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's

3    important interest in the finality of judgments." Massaro v. United States, 538 U.S. 500, 504

4    (2003). To overcome procedural default on collateral review, movant must show cause and

5    actual prejudice. Id. A movant can show cause by demonstrating "that the procedural default is

6    due to an 'objective factor' that is 'external' to the [movant] and that 'cannot be fairly attributed

7    to him.'" Manning v. Foster, 224 F.3d 1129, 1133 (9th Cir. 2000) (quoting Coleman v.

8    Thompson, 501 U.S. 722, 731-32 (1991)).

9            **B. Analysis**

10           Movant states that he did not raise the issue on appeal because the information was

11   "newly discover[ed]." (ECF No. 219 at 4, 9.) Movant does not indicate in the petition when he

12   learned of the alleged miscalculation or why he did not raise the issue during sentencing. Movant

13   stated on the record at sentencing that he received a copy of the PSR and went over it with

14   counsel. (ECF No. 249-1 at 24.) There is a "strong presumption" of truthfulness afforded to

15   "solemn declarations made in open court." Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir. 1986).

16   Thus, the court finds movant has not shown the existence of some external factor that prevented

17   him from raising this issue in an earlier proceeding.

18           Movant's failure to raise his claim of sentencing error on direct appeal, bars him from

19   bringing the claim on collateral review. See U.S. v. Schlesinger, 49 F.3d 483, 484-85 (9th Cir.

20   1995); see also United States v. Keller, 902 F.2d 1391, 1393 (9th Cir. 1990) (holding that a

21   challenge to a presentence report was waived because movant failed to raise any objection at

22   sentencing and "did not otherwise raise the issue prior to filing his § 2255 motion").

23           Accordingly, movant has failed to show that the procedural bar should not apply to his

24   criminal history category calculation claim.

25   ////

26   ////

27   ////

28   ////

1

III.    **Actual Innocence**

2       Movant also makes a formulaic attempt to state he is actually innocent[2] in an attempt to

3  excuse his failure to raise the issue on appeal.  (ECF No. 219 at 15.)  However, he is only

4  challenging his sentence, not the underlying conviction and he later states that he takes

5  responsibility for the offenses.  (ECF No. 219 at 18.)  Moreover, the "actual innocence" provision

6  does not include claims that relate solely to the sentencing phase.  <u>Landrigan v. Trujilo</u>, 623 F.3d

7  1253, 1256 n.5 (9th Cir. 2010).  Thus, movant has failed to show that the court should review the

8  merits of his claim because he is actually innocent.

9       IV.    **Calculation of Criminal History**

10      Movant argues his criminal history was improperly calculated and that he would have

11 received a shorter sentence if his criminal history had been properly calculated.  (ECF No. 219 at

12 17.)  The government argues that movant's criminal history category was properly calculated.

13 (ECF No. 249 at 17-18.)

14              **A.  Convictions that were Deferred**

15      Movant claims points were improperly awarded for convictions that were dismissed

16 and/or expunged.  In the reply he challenges points awarded in paragraph 54 arguing that the

17 conviction was deferred following his completion of drug court.  (ECF No. 260 at 6.)

18      Review of the PSR shows that the Probation Office and the Court noted and accounted for

19 instances in which movant's criminal cases were dismissed and/or judgment was set aside.

20 (Citing PSR (ECF No. 143) at ¶¶ 53-55, 58.)  Additionally, the application notes to the sentencing

21 guidelines indicate that "[a] diversionary disposition resulting from a finding or admission of guilt

22 . . . in a judicial proceeding is counted as a sentence under § 4A1.1(c)."  U.S. Sentencing

23 Guidelines Manual §4A1.2(f).  Thus, movant's argument that he should not have received points

24 for convictions that were deferred following his successful completion of drug court is not

25 supported by the law.

26 _____

27 [2] Movant states he is "'Actually & Factually' Innocent for a reduced sentence under plain error that the criminal history points [he] received under plain error that the criminal history points [he]

28 received inhanced [sic] [his] sentence to a category 6 which in fact it should not be."  (ECF No. 219 at 15.)

### B. Concurrent Sentences

Movant also challenges the points awarded in paragraphs 48 and 58 because the sentences imposed ran concurrent with sentences for other offenses.  (ECF No. 260 at 5-7.)

"Unless they are related, concurrent sentences are counted separately for the purposes of calculating criminal history category under U.S.S.G. § 4A1.1, 4A1.2(2); see also United States v. Altman, 901 F.2d 1161, 1166 (2d Cir. 1990) ("Despite the fact that this misdemeanor sentence in concurrent with a previous state sentence, the length of the sentence as imposed and not as actually served is used to determine whether the sentence is included in a defendant's criminal history category.") (citing U.S. Sentencing Guidelines § 4A1.2 application note 2); United States v. Patasnik, 89 F.3d 63, 74 (2d Cir. 1996) (affirming a criminal history determination that counted separately three sentences served concurrently because the cases were not related).  Application Note 3 to this section defines the term "related cases": [P]rior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing."  Patasnik, 89 F.3d at 74.

Movant has not provided any facts or evidence that would show that the challenged convictions were related.  Accordingly, he has not shown that points were improperly awarded for the convictions where the sentences ran concurrently.

### C. Removing Remaining Challenged Points would not Change Category

In the reply movant claims nine of the total 21 points should not have been added for various reasons.  Under the Federal Sentencing Guidelines, a defendant with a criminal history score of 13 or more is placed in Category VI. Movant argues he should have been a category IV or V if his criminal history had been properly calculated.  (ECF No. 219 at 17.)  The court notes that if all of the points he challenges were removed, his criminal history score would be 12, placing him in category V.  However, as set forth above, at least four of the points movant challenges were properly awarded.  Therefore, even if the remaining points movant challenges were removed, his criminal history score would still be above 13, meaning his criminal history category would remain unchanged.

Moreover, the offense level for the crime movant plead guilty to was 24. The guideline range for an offense level 24 with a criminal history category of V is 92-115 months. Movant was sentenced to 84 months on count one, and a mandatory consecutive 24-month sentence on count 18. Thus, movant's total 108-month sentence was within the range of potential sentences for an offense level 24 with a criminal history category of V. Accordingly, he cannot show that he would have received a lower sentence if his criminal history category was lowered.

## V.     Counsel's Failure to Object to Criminal History Category

Movant claims he received ineffective assistance of counsel because Ms. Fullerton failed to identify an error in or object to the criminal history calculation in the PSR. (ECF No. 219 at 4, 17.) The government argues that movant benefitted from competent counsel. (ECF No. 249 at 20.)

### A. Legal Standards – Ineffective Assistance of Counsel

To succeed on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel's performance was deficient and (2) that the "deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984).

### 1. Deficient Performance

Counsel is constitutionally deficient if their representation "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases." Strickland, 466 U.S. at 687-88 (internal quotation marks omitted). "Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 687).

A reviewing court is required to make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 669; see also Richter, 562 U.S. at 107. Reviewing courts must also "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. This presumption of reasonableness means that the court must "give the attorneys the

9

1  benefit of the doubt," and must also "affirmatively entertain the range of possible reasons

2  [defense] counsel may have had for proceeding as they did." Cullen v. Pinholster, 563 U.S. 170,

3  195 (2011) (internal quotation marks and alterations omitted).

4        A defense attorney has a general duty to make reasonable investigations or to make a

5  reasonable decision that makes particular investigations unnecessary.  See Strickland, 466 U.S. at

6  691.  A claim of negligence in conducting pretrial investigation can form the basis for a claim of

7  ineffective assistance.  See United States v. Tucker, 716 F.2d 576, 581 (9th Cir. 1983); Hines v.

8  Enomoto, 658 F.2d 667, 676 (9th Cir. 1981).  Counsel must, at a minimum, conduct a reasonable

9  investigation enabling them to make informed decisions about how best to represent their client.

10  See Sanders v. Ratelle, 21 F.3d 1446, 1457 (9th Cir. 1994).  Where the decision not to investigate

11  further is taken because of reasonable tactical evaluations, the attorney's performance is not

12  constitutionally deficient.  See Siripongs v. Calderon, 133 F.3d 732, 734 (9th Cir. 1998).  If

13  counsel reviews the preliminary facts of the case and reasonably decides to pursue only one of

14  two conflicting defense theories, for example, they need not investigate the abandoned defense

15  theory further.  See Turk v. White, 116 F.3d 1264, 1267 (9th Cir. 1997); Bean v. Calderon, 163

16  F.3d 1073, 1082 (9th Cir. 1998).

17        Thus, strategic choices made after thorough investigation of law and facts relevant to

18  plausible options are virtually unchallengeable.  See Cacoperdo v. Demosthenes, 37 F.3d 504,

19  508 (9th Cir. 1994) (decision whether to introduce medical evidence largely question of

20  professional judgment).  That said, the label of "trial strategy" does not automatically immunize

21  an attorney's performance from Sixth Amendment challenges.  See United States v. Span, 75

22  F.3d 1383, 1389-90 (9th Cir. 1996).

23          **2.  Prejudice**

24        The second part of the Strickland test requires a movant to show that counsel's conduct

25  prejudiced him.  Strickland, 466 U.S. at 691-92.  Prejudice is found when "there is a reasonable

26  probability that, but for counsel's unprofessional errors, the result of the proceeding would have

27  been different."  Id. at 694.  A reasonable probability is one "'sufficient to undermine confidence

28  in the outcome.'"  Summerlin v. Schriro, 427 F.3d 623, 640 (9th Cir. 2005) (quoting Strickland,

466 U.S. at 693).  "This does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between Strickland's prejudice standard and a more-probable-that-not standard is slight and matters 'only in the rarest case.'" Richter, 562 U.S. at 112 (quoting Strickland, 466 U.S. at 693).  "The likelihood of a different result must be substantial, not just conceivable."  Id.

In evaluating prejudice, the court must "compare the evidence that actually was presented to the jury with the evidence that might have been presented had counsel acted differently," Bonin v. Calderon, 59 F.3d 815, 834 (9th Cir. 1995), and evaluate whether the difference between what was presented and what could have been presented is sufficient to "undermine confidence in the outcome" of the proceeding, Strickland, 466 U.S. at 694.  Prejudice is established if "there is a reasonable probability that at least on juror would have struck a different balance" between guilty and not guilty.  Wiggins v. Smith, 539 U.S. 510, 537 (2003).

When determining whether a movant has been prejudiced, the court considers the cumulative effect of counsel's errors.  See Harris v. Wood, 64 F.3d 1432, 1438-39 (9th Cir. 1995) (finding cumulative prejudice from counsel's performance that was "deficient in eleven ways, eight of them undisputed" which "obviates the need to analyze the individual prejudicial effect of each deficiency," but noting that "some of the deficiencies [may be] individually prejudicial"); see also Montana v. Egelhoff, 518 U.S. 37, 53 (1996) (The combined effect of multiple errors at trial violates due process where it renders the trial fundamentally unfair. (citing Chambers v. Mississippi, 410 U.S. 284 (1973).); Taylor v. Kentucky, 436 U.S. 478, 487 n.15 (1978).  The Ninth Circuit has described the standard for evaluating cumulative error on habeas as "determining whether the combined effect of multiple errors rendered a criminal defense 'far less persuasive' and had a 'substantial and injurious effect or influence' on the jury's verdict." Parle v. Runnels, 505 F.3d 922, 928 (9th Cir. 2007) (quoting Strickland, 466 U.S. at 696).

## B.  Analysis

"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which

we expect will often be so, that course should be followed.  Strickland, 466 U.S. at 697.  Movant cannot show that he was prejudiced by counsel's failure to challenge the calculation of his criminal history category because he has not shown that it was improperly calculated.  Counsel is not ineffective for failing to raise an argument that is without merit.  See Boag v. Raines, 769 F.2d 1341, 1344 (9th Cir. 1985) (citation omitted) ("Failure to raise a meritless argument does not constitute ineffective assistance.").

Additionally, as set forth above, movant's sentence was within the range given for defendants in criminal history category V and offense level 24.  Thus, he has not shown that he received a longer sentence than he otherwise would have were it not for counsel's failure to object to the criminal history calculation in the PSR.  Strickland, 466 U.S. at 694 (To demonstrate prejudice, there must be a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.)  Because he has not shown prejudice, the court finds his ineffective assistance of counsel claim should be denied.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Movant's motion to vacate, set aside, or correct his sentence (ECF No. 219) be denied; and

2. The Clerk of Court be directed to close the companion civil case No. 2:20-cv-0053 MCE DB.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If movant files objections, they shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 3, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Habeas/S/lee0060.2255  fr

13