UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY WAYNE LEE,<br><br>Defendant. | No. 2:17-cr-00060-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Gregory Wayne Lee's ("Defendant") Motion for Compassionate Release. (ECF No. 309.) The Government filed an opposition. (ECF No. 311.) Defendant filed a reply. (ECF No. 316.) For the reasons set forth below, the Court DENIES Defendant's motion.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On September 6, 2018, Defendant pleaded guilty to conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349 and aggravated identity theft in violation of 18 U.S.C. § 1028A. (ECF Nos. 124, 127.) On February 21, 2019, the Court sentenced Defendant to a 108-month term of imprisonment to be followed by a 36-month term of supervised release. (ECF Nos. 172, 173.) Defendant is currently serving his sentence at FCI Lompoc. He has served approximately 59 months of his 108-month sentence of imprisonment, and his projected release date with good conduct time is January 20, 2025. (ECF No. 311-1.)

1

On May 4, 2022, Defendant filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1]  (ECF No. 309.)  Defendant requests the Court reduce his term of imprisonment to time served due to his vulnerability to COVID-19 based on his current medical conditions and the risk of reinfection posed by new variants.  (*Id.*)  Defendant also requests release to help care for his mother, who is suffering from congestive heart failure and has trouble breathing and walking.  (*Id.*)

**II.     ANALYSIS**

   A.     Exhaustion

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant made a request to the warden in November 2021.  (ECF No. 311 at 4.)  Because more than 30 days have elapsed since Defendant's request, Defendant has met the exhaustion requirement.  *See* 18 U.S.C. § 3582(c)(1)(A).

   B.     Extraordinary and Compelling Reasons

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by

---

[1]  To the extent Defendant also challenges the conditions of his confinement, venue for an Eighth Amendment claim is improper in the Eastern District of California.  *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).  Because Defendant is confined in FCI Lompoc, his complaints about the conditions of his confinement must be brought in the Central District of California.

the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  The Ninth Circuit recently held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).  The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.*  Accordingly, the Court relies on § 1B1.13 herein as persuasive authority.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. (1)(A).  More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the ageing process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Defendant's medical records — filed under seal — indicate he is 60 years old and suffers from many health conditions, most notably essential (primary) hypertension and chronic kidney disease.  However, Defendant's medical records also indicate he is fully vaccinated and boosted against COVID-19.  Moreover, there are currently zero active inmate cases of COVID-19 at Defendant's facility.  Federal Bureau of Prisons, *COVID-19 Coronavirus*, available at https://www.bop.gov/coronavirus/ (last visited June 3, 2022).  The Court concludes Defendant's arguments about COVID-19 are too general and speculative at this time.

To the extent Defendant also seeks release to act as a caregiver for his mother, his arguments are unpersuasive.  Section 1B1.13(C) lists the following family circumstances that may qualify as extraordinary and compelling reasons for release: "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children"; and "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13(C).  Defendant's request does

not meet either of those two prongs. Moreover, Defendant does not provide sufficient evidence of his mother's health conditions or that he is the only caregiver available to provide care.

Accordingly, the Court finds Defendant has not demonstrated "extraordinary and compelling" reasons for his release.

### C. 18 U.S.C. § 3553(a) Factors

Even if the Court found "extraordinary and compelling" reasons for Defendant's release, the Court would nonetheless deny Defendant's motion based on the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate release). In requesting a time served sentence, Defendant is seeking a reduction from a well-supported, 108-month sentence to a considerably lower 59-month sentence. Based on the record before the Court, the § 3553(a) factors do not support such a drastic reduction. Although the § 3553(a) factors specifically include the need to provide Defendant with medical care in the most effective manner, it appears the BOP has thus far been capable of adequately addressing Defendant's medical needs. Therefore, Defendant's medical needs do not outweigh the other § 3553(a) factors — specifically, the serious nature and circumstances of Defendant's large-scale conspiracy to defraud the State of California, lengthy criminal history, and need for deterrence, just punishment, and protection of the public — that support a 108-month sentence.

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release. (ECF No. 309.)

IT IS SO ORDERED.

**DATED: June 6, 2022**

Troy L. Nunley
United States District Judge